okay our next case is number 19-13181 Ross Jackson versus Glenn Cowan et al and Mr. Claybrook you're up first thank you your honor and good morning police officers violated mr. Jackson's rights in three principal ways they refused to protect him from his hecklers instead encouraging the hecklers to disrupt and cover up his speech they wrongfully arrested him and they treated him differently because of his race and a series of cases that began in the 1930s with Hague which involved communist sympathizers the Supreme Court protected unpopular speakers and open public forums by ruling that the police could not take the side of those who are hostile to the speech but had to protect the speakers and let them talk these cases reached their climax in the Civil Rights era when the Supreme Court decided Cox Edwards Gregory and other cases making clear that police could not allow a heckler's veto of unpopular speech I don't see this as a heckler's veto case because in a heckler's veto case the police arrest the speaker because of the reaction of the crowd but in this case the police gave the speaker's own conduct as the reason to arrest the speaker so what what lines this case up with a heckler's veto case well there are two violations here one is that they did not protect him from those who were trying to obstruct and disrupt the speech in an open public forum that's the hecklers veto part that they were heckling him and stopping him from talking to others and and having his speech but but the University responds that this is an open public forum for other people to speak as well and so to somehow protect mr. Jackson from the other speakers they would have to shut down the other speakers speech well right all that I want to make clear that that is not our position we're not saying the police had to shut down the other speakers we had to say they had to stop disrupting the speech that was taking place and which was the first speech in the open public forum essentially the Supreme Court said yes your honor I think your argument on the facts essentially is that the police could have let the students use their counter speech against mr. Jackson but they let the students get so close to him that they obstructed mr. Jackson from his own speech is in fact argument on that issue exactly your honor and that's the Supreme Court said in a red lion the right of free speech does not include the right to snuff out the free speech of others which is exactly what the hecklers were doing here and the police officers were on full and fair notice that this was what the law required their conduct showed it on day one the officers repeatedly moved hostile listeners away from the white preachers opposing counsel later as well but when you watch the video clips which I did on the on the clip in question which is when the two students were in mr. Jackson's face and mr. Jackson came to one of the officers and I believe was officer Cowan and asked if it was okay for the student to yell in his ear and I think he had also indicated that he had tried to touch him I guess in the chest but the officer did not address him and kept speaking to another student and was just sort of dismissive of mr. Jackson was is that part of your part of your claim that that shows that the officer was not at all interested in protecting mr. Jackson's speech rights well that's part of it your honor and the facts are worse than that because mr. Jackson went over to ask for help from the officers and I think it is he allowed to yell on my ear like that can't you help me here the students came as well the hecklers came as well and said can we keep on doing this can we as long as we don't touch him is okay officer Cowan turns to mr. law one of the hecklers and says yeah and then as you pointed out he then turns to mr. Jackson and goes like that gives him the back of his hand so at that point what happens is that with that green light the hecklers get right in mr. Jackson's face as judge Jordan was saying the district court doesn't mention that mr. Jackson repeatedly asked the students to back off and to get out of his space the law told mr. Jackson that he wouldn't or the law said he was getting hard looking at mr. Jackson's fine ass or that the police defendants just watched and listened to all those from close range with their arms crossed saying and doing nothing and there's also more that happened right after that mr. Jackson would preach with his arms extended and the students repeatedly ducked under his arm or to get right in his face and to obstruct him from talking to other students right before the arrests they did that again and mr. Jackson loudly and repeatedly asked law to back off law said he wouldn't and when mr. Jackson backpedaled away from him several steps all of him step for step saying right in his face and not allowing him to talk to others the government defends on this was just a point counterpoint debate going on that they were watching it wasn't like it wasn't that at all it was the the probable cause to arrest him under simple battery under Georgia law no they did not have that probable cause and and so let me go to that after they he was arrested and the district court makes three major errors with respect to the arrest first it slants the facts against mr. Jackson instead of taking them in his favor district court doesn't mention that when mr. Jackson had turned to the side and then raised his arm to try to continue preaching this time instead of law avoiding the arm he leans in and lets it brush him ever so slightly for a touching to be a battery under Georgia law your honor it must be done intentionally and it must be of an insulting or provoking nature just brushing against someone when you're looking the other way isn't enough now to make it sound intentional officer Cowan called this touching a strike and has written the rest report and the district court picked up that language as well of course as the officers in their brief but Cowan right after the arrest tells a fellow officer that Jackson had only brushed against law and Dorsey right after the arrest goes over the law and says did he really touch you did he actually touch and the prosecutor after viewing the video said it wasn't a strike the video evidence shows that the only thing intentional was law being the there's also no evidence to support is there a case at some point in under Georgia law that talks about the that it has to be the contact has to be of an insulting or provoking nature yes there are and it's in the context of the affirmative defenses which is is what's the second error of the of the district court not looking at the affirmative defenses of self-defense and stand your ground that those statutory defenses that he had available to him and the Georgia understand I don't understand your argument on the insulting and provoking nature I've seen the video so I understand your argument about the contact but these are two people yelling at each other mr. Jackson just called the other mr. wall a person screaming in his face the cops have just told them don't touch each other because we'll arrest you can't speak anymore so if there were contact I mean it seems it's inherently insulting and provoking if there were contact between these two people as they're yelling at each other in the free speech zone I don't understand your argument that it might not be it's not inherent at all your honor otherwise the requirement for it to be insulting and provoking wouldn't have to be in the statute but it is well no but I mean my point is I understand if it was you know if there were people in the crowd who were just jostling one another trying to get a better view that might not be insulting or provoking contact but we're talking about two people who have been yelling at each other in the free speech zone one has just called the other verbally loudly in his face it seems and like I said the police officers have just told them don't touch each other the rule for the free speech zone is don't touch each other and then there was this contact now I've seen the your argument about whether the contact itself was sufficient I understand that argument but I really don't understand the argument well there are two responses as a matter of law your honor one of them is that under Georgia law you can't it can't be of an insulting and provoking nature if it's defensive if he was acting in self-defense and standing his ground so as a matter of laws the Georgia Supreme Court said if that's what's happening there's no crime at all it can't be insulting and provoking the other point I want to make quickly is that under a deke's the Supreme Court said that when declarations of officers in support of summary judgment motions have evidentiary gaps that itself requires summary judgment to be denied and here both Cowan and Dorsey submitted declarations as for their summary judgment motion they did not say that they considered what mr. Jackson had been in a insulting or provoking manner mr. error that yes your question please one of the arguments you make in the brief it's not the only one of course but one of the factual premises for your constitutional argument is that mr. law and maybe one of the other students had already chest bumped mr. Jackson right yes your honor the video is not all that clear about that what do you rely on the video or do you rely on mr. Jackson's testimony to that effect or what I rely on both your honor and it brings up a point again of the facts have to be taken at this stage in mr. Jackson's favor it wasn't mr. Jackson who was running around trying to get in the students face it was mr. law and mr. Offerman who were running around going under his arms and getting right in his face so he couldn't talk with others they got right up to his no they're the ones who got there they're the initiators now from the from the angles of the camera it's very difficult to see okay exactly what happened it's clear from the camera that they hit three times but it was mr. law who was the aggressor and who chest-bumped him three times so so yes that has to be taken and the light most favorable to mr. Jackson the Supreme Court said in Scott versus Harris you don't have to accept our version of the events if the video says no but it has to be blatantly contradictory and certainly it's not that here mr. Claybrook in the other videos or the other clips I know that some of the students or the spectators also were aggressive towards the speakers but I didn't see any indication in any of the other videos where anyone touched whether it was a speaker or the speaker touched a student is there any evidence of that any of the other clips that I maybe I didn't see all right are you asking if any other student touched mr. Jackson or no in any of the other clips would this speak for the other the other I think there were two or three speakers oh and the first day yes I there is no evidence that the speakers were touched on that day okay thank you I didn't see him but I wanted to confirm thank you your honor I'm over my time so yes you've saved all of your time for miss Kusumoto thank you your honor and may it please the court I'm Ellen Kusumoto on behalf of the UGA officers I'm going to just jump right into the discussion about the Fourth Amendment false arrest claim I think the key to affirmance of that claim is the standard that applies which is of course are probable cause well let's let me let me ask you a question before you dive into that part of the argument mr. Claybrook argues in his brief and he's repeated here at oral argument that mr. Jackson contends that he was physically touched he was contacted by mr. law and maybe mr. Opperman because they chest bumped him if that is the case because we take the evidence in the light most favorable to the plaintiff and by the way I'm not sure the video is clear on that but it certainly doesn't negate mr. Jackson's version of events at least in my view how are the officers justified in arresting mr. Jackson for a touch and yet not interfering or doing anything when law touches Jackson before that well I think mr. Jackson has to come forth with some sort of a case law saying that in in that situation officers are required to affirmatively intervene why why would they be firmly required to intervene if it's a simple battery if they chest bumped him then they would be arrested for simple battery just like mr. Jackson was would that be correct would that be under the under the statute would that be an intentional contact of an insulting or provoking nature how could it not be insulting or provoking when your chest bumping someone well that would be correct but when you look at the video recordings contact is not shown between the two gentlemen I understand the video recordings that are at an awkward angle but look at them you see mr. law stand still and you see mr. Jackson rising to to the tips of his toes and thrusting his chest out at mr. law without making any contact and so in that situation I don't think an assault of court occurred or a battery occurred if it did then it occurred by mr. Jackson excuse Amano why why would it matter if the police could have had problems to arrest mr. law because the way I read the law at the time the law not the person with the law at the time was that the clearly established law in the 11th Circuit was that there was no First Amendment violation due to an arrest if the police had probable cause to arrest the person that they arrested so isn't that the really the only probable cause question in this case yes your honor exactly there there is no law stating that a failure to intervene violate the First Amendment so so again I do want to turn to to the concept of arguable probable cause you know this court most recently stated in Pius that actual probable cause bar so arguable probable cause is an even lower bar it requires only that a reasonable officer could but not necessarily would have probable cause existed so stating that somewhat differently mr. Jackson has to show that no reason officer would have believed a battery occurred and he cannot meet that high burden here based on the video evidence when you look at the recordings it shows that mr. Jackson raised his hand in his arm away up and away from his body toward mr. law made physical contact with the side of mr. laws head the video the video repeatedly shows mr. law would raise his hand because he had his hand raised with a Bible correct is that not what the video shows he has doing well mr. law is yelling in his face and repeatedly backing walking forward towards mr. Jackson and mr. Jackson is having to walk backwards with his hands up so the way I look at that video he is has his hands up as a way of saying I'm not going to touch you right and when he the video shows at that which is going to hold the Bible mr. law goes under it and when he puts his hands down he touches mr. law well mr. law has a right to stand his own ground he is not required to duck when that happens now you're saying there's a right to stand your ground so why doesn't mr. Jackson have a right to stand his ground he certainly does but but again I think the court's precedent is clear that defenses don't defeat qualified immunity in this case what do you do about and you may you may ultimately prevail in this case given the state of the law but let me tell you from my perspective the police officers did not cover themselves in glory that day officer Cowan writes in his report that there was a strike and then it turns out that there was a touch or a brush and then officer Cowan is heard on the video saying quote-unquote we hit a home run and we took him down that does not speak that does not speak very well of law enforcement at the University of Georgia and and it goes to show it may not be enough for mr. Jackson to prevail but it goes to show that the police weren't really doing an objective job out there by letting the two students harass him as much as possible incite him and then the minute that something went a little bit awry arresting the person who speaks they didn't agree with I have two points to address your honor with respect to the comment about hitting a home run that has been taken out of context sergeant Cowan deposed that what he actually said what he was describing the reaction of the crowd and that the crowd reacted as if he had hit a home run not we're not the evidence the evidence has to be viewed in the light most favorable to mr. Jackson miss kusumano and so his explanation for that comment doesn't get accepted at summary judgment it just doesn't and I understand that except if if there's a video recording that refutes that that version it doesn't it doesn't because it's his explanation for making the statement it's his statement well your honor if you look at that video recording in that particular part of the statement he is clearly saying that it was like he hit a home run and he was merely describing the situation you know I will I will admit that certainly the officers it may have been prudent for them to have intervened here the problem though is that the issue the issue also is that when you watch day one of the videos when you have the students who are clearly in the face of the of the speakers on day one and they're clearly going to try to touch the speakers the officers very very quickly tell the students don't touch him though but they never do anything to protect the speakers and there's a reason for that on the first day the students had been in this situation for the first time they did not know the ground rules and so the officers were educating them on what they could and could not do I actually I don't understand why there even have to be ground rules we have a First Amendment so anyone can say anything even if it's offensive and that doesn't mean that I have to get in their face or anyone has to get in their face you can just listen to someone absolutely I don't even understand why there has to be an explanation to supposing college students who supposedly are there for higher education and have to be explained what their First Amendment rights well that's because when the officers entered the circle they saw students being restrained by other students they felt that violence had either already occurred or was about to occur and they had to explain to the students that look you you may find this offensive but you cannot you cannot touch these preachers the second day is different though because on the second day we're dealing with mr. law and mr. law had already had a conversation with sirs what the officers told him you get you have every right to in free speech but you can't touch him and law assures the officers on that second day that he understands that that he's not going to touch mr. Jackson and that he merely wants to counter bait counter debate with mr. Jackson and and I also want to address another point about you think as an app as an abstract matter as kusumano and I know this doesn't necessarily reflect on the outcome here but you think as an abstract matter that any person in society has a First Amendment right to scream in the ear of someone else yes your honor I do you do really what what principle what principle of law let someone do that well I would point to to various First Amendment statements from the Supreme Court for example and booze and Snyder versus Phelps the court says debate on public issues should be uninhibited robust and wide open it's Schneider V Phelps they are on the opposite side you have a right to protest even at a funeral but you have you don't have a right to protest inside you don't have a right to go up to one of the mourners and start yelling in their ear that's not that's not what that that case stands for at all yeah I'm not I'm not I think just Legault was right I'm not asking about the substance of the communication I don't I don't dispute the right of the students to say what they wanted to say to mr. Jackson my point is what as an abstract First Amendment matter what gave them the right to scream in mr. Jackson's ear well first of all I don't video recordings show any evidence of screaming in mr. Jackson's ear they're certainly they're certainly yelling and elevating their voices but at no point do they get up right to mr. Jackson's ear and scream in his ear from the perspective of the officers video recordings which is the only perspective that matters in this case but that's in fact not accurate because you have in the video mr. Jackson go up to the officers and say do they have the right to scream in my ear and the officers do not even respond to him so he made it yelled in his ear whether or not the video shows it we have to take the facts in that in the light most favorable to mr. Jackson and the officers were advised of that and they didn't do anything they didn't tell the students hey stop yelling in his ear certainly but for the purposes of qualified immunity mr. and has to point to a case saying that screaming in somebody's ear is not allowed and and I cannot find any cases from from Georgia courts or this court saying that that is not allowed and I think to that incident chief Williamson made it made an interesting point which is that at that time sergeant Callan was having a conversation with other students and if mr. Jackson that that point was a strong point that he wanted addressed he have for the end of that conversation to ask his question instead he turned around and he left you know I do want to quickly turn to the First Amendment issue in this case you know the reality is that Jackson mr. law mr. operman and equal right to engage in free speech and there is no binding precedence that officers have to intervene protect one speaker at the potential Jeff detriment of another speaker that I think law requires everyone to be engaged in an speech put put qualified immunity we have the we have the option in this case when addressing qualified immunity of also addressing whether or not there was a constitutional violation before getting to the qualified immunity issue so do you think that there was any violation of mr. Jackson's rights here viewing the facts in the light most favorable to him no your honor I do not I told the amount of times that mr. Jackson could be seen speaking over or mr. law could be seen speaking over mr. Jackson and that totaled to only two minutes and 40 seconds mr. Jackson was that's too little that's too little a time for you yes your honor given the fact that mr. Jackson was speaking for 40 minutes that means he had 37 minutes of it's clearly expressing his ideas and I see my if he had been if he had been bothered or accosted by mr. law for 10 minutes would that be enough your honor I'm not sure there are no guidelines to to show what would be enough and that's the problem here and if I may continue for just a little bit longer you know I think a First Amendment violation here would be problematic because what is the line crossed is it when a speaker gets 10 inches in front of somebody's face what about one foot two feet three feet does it matter the decibel level that that is being spoken at does it matter the number of times that the speakers follow the other speaker that's going to be very hard to implement and so with that I will unless the court has any other questions I will turn it back to mr. Claybrook okay thank you very much miss kusumana we appreciate it thank you mr. Claybrook you've got your rebuttal time thank you your honor I think I can address many of the issues that have been raised by talking about the fact that the Supreme Court recently decided Lozman and the ebba's but the district court erred and failing to apply them oh no no that is that is not right because this the question here is qualified immunity so we have to look at what the clearly established law was at the time of these events and although if in Lozman it was municipal liability qualified immunity wasn't an issue there in needs or any of a's qualified and he was an issue there because the Ninth Circuit had denied qualified immunity on clearly established night so if we're looking at clearly established law at the time we'd have to look at the 11th circuit's law right and the 11th circuit had already said you can't bring a first amendment requisition claim when there's probable cause for you to rest right so it just doesn't matter what the Supreme Court said later on that's not a correct view of the law in this respect why am I wrong about that you're wrong because first of all the Supreme Court applied both its decisions and Lozman and the ebba's to the conducted issue which pre-dated it's the decisions obviously but isn't but isn't judge Brash at least with regards to Lozman isn't judge Brasher right that in a municipal liability case you don't have the issue of qualified immunity and you if a municipality has a custom policy or practice that violates a constitutional right and meet all the standards of Monell liability then you're on the hook it doesn't matter what the clearly established law was that's sort of the trade-off the Supreme Court has created with municipal liability that has your face with qualified immunity right it has your honor but it's not the way it this by saying that in both Lozman and in the ebba's the Supreme Court iterated that for decades the law has been clearly established that a police officer cannot arrest someone because of the content of the speech that's called a retaliatory arrest now what they're talking about in Lozman and the ebba's is there a bar to such a suit because the police had probable cause independent of the retaliation for an independent non-speech reason and if so you can't make your causation proof and so you have to dismiss the suit that's not going to the subject matter of the retaliation that's what has to be clearly established in the Supreme Court said it has been clearly established and so here you must apply the exceptions that both Lozman and the ebba's point out one for premeditated decision to snuff out the speech another for showing that hey they don't arrest typically in this circumstance and so it shows that the reason they really did arrest her was because of the content of the speech those police defendants do not contest and their briefs that if those exceptions apply that they apply here to these facts and both this circuit and the Martini and the fifth seventh ninth and tenth circuits all presidential opinions have a case that you filed as a supplemental authority the Seventh Circuit held that the police officer has gotten qualified immunity because the law was not clearly established at the time that was the holding of the Seventh Circuit in the case that you filed the plaintiffs do not always win they didn't always win the point that I'm making your honor is that in each case they read they rebutted what the district court did here which so I don't have to consider it because it hadn't been decided when the events took place and they applied it the pre decisional facts thank you your honor all right Thank You mr. Claybrook Thank You miss Kusum on and we appreciate the help